IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EZEKIEL I. TAYLOR, SR., § | | |
| # 22049385, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:23-cv-414-S-BN | |
| § | | |
| SECURUS TECHNOLOGIES and § | | |
| DALLAS COUNTY SHERIFFS OFFICE, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ezekiel I. Taylor, Sr., an inmate at the Dallas County jail, filed a *pro se* complaint that, liberally construed, appears to allege that his property has been seized in violation of the Constitution. *See* Dkt. No. 3.

The presiding United States district judge referred Taylor's civil rights complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Where prisoners, whether incarcerated or detained pending trial, seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

Insofar as Taylor brings claims against a jural entity acting under color of state law, for example the Dallas County sheriff or one of her deputies, but not her office, "[t]he deprivation of property by persons acting under color of state law may be a violation of the Due Process Clause of the Fourteenth Amendment." *Campusano-Morales v. Austin Police Dep't*, No. A-09-CV-812-LY, 2009 WL 10713202, at *2 (W.D. Tex. Dec. 16, 2009), *rec. accepted*, 2010 WL 11652167 (W.D. Tex. Jan. 19, 2010).

But "[t]he *Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984))).

"[T]his doctrine is most frequently applied when prisoners (or others) are deprived of their personal property but have the opportunity to seek return of their property (or be made whole) through a post-deprivation process." *LeBeouf v. Manning*, 575 F. App'x 374, 379 (5th Cir. 2014) (per curiam) (citations omitted). "In Texas, the tort of conversion generally constitutes an adequate post-deprivation remedy." *Wyatt v. Matagorda Cnty.*, No. 3:13-CV-356, 2017 WL 908202, at *4 (S.D.

Tex. Mar. 7, 2017) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).

And "[t]he burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate." *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *see also Campusano-Morales*, 2009 WL 10713202, at *2 ("[W]here the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. In Texas, the tort of conversion fulfills this requirement." (citations omitted)).

Taylor alleges no facts to show that he cannot assert any construed due process allegations through a conversion action in state court. Nor does he allege facts to show that he was deprived of property under an official policy or directive. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) ("Conduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990))); *Walker v. Clark*, No. 2:17-cv-221-Z-BR, 2020 WL 3979730, at *4 (N.D. Tex. June 17, 2020) ("[P]laintiff's argument is contradictory, in that he claims Miller's act was an intentional theft, which would be unauthorized taking of his property, clearly distinguishable from the facts in *Allen*. In the *Allen* case, a prison directive allowed for the seizure of the property in a specific instance, and the plaintiff in that case was in effect challenging

- 3 -

the fact that a prison official followed a specific prison directive."), *rec. adopted*, 2020 WL 3978371 (N.D. Tex. July 14, 2020); *Chaney v. City of Ocean Springs, Miss.*, No. 1:18cv30-HSO-JCG, 2019 WL 1140218, at *4 (S.D. Miss. Mar. 12, 2019) ("When an ultimate policymaker in a specific area takes action in that area, her conduct may generally be construed to constitute a custom or policy of the municipality. The *Parratt/Hudson* doctrine does not apply in such situations." (citing *Woodward v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005))).

The Court should therefore dismiss the complaint with prejudice. *See, e.g.*, *Campusano-Morales*, 2009 WL 10713202, at *2 ("In the present case, there are no factual allegations establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide him with a meaningful post-deprivation remedy for the alleged seizure of his property. Accordingly, Plaintiff's allegations regarding the loss of his property do not provide an arguable constitutional claim against the Defendant APD. The Court therefore concludes Plaintiff's complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)." (footnote omitted)).

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A (because the claim alleged is frivolous) and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE